U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 28 2006
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| AMSAN, L.L.C., | ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO. _____

2-06CV-260-J

**COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Stanley Austin, who was adversely affected by such practices when he was discharged by Defendant AmSan, L.L.C., because of his disability, Multiple Sclerosis.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Amarillo Division of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a North Carolina Corporation, has continuously been doing business in the State of Texas and the City of Amarillo, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Stanley Austin filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since on or about January 16, 2004, Defendant engaged in unlawful employment practices at its Amarillo, Texas facilities, in violation of Section102(a) of Title I of the ADA, 42 U.S.C. §12112(a), when it discharged Stanley Austin because of his disability, Multiple

Sclerosis.

9. The effect of the unlawful employment practices complained of in paragraph 8 above has been to deprive Stanley Austin of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Stanley Austin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction ensuring compliance with the ADA, and enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discharging qualified employees with disabilities, because of those disabilities, and from any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Stanley Austin, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement.

D. Order Defendant to make whole Stanley Austin by providing compensation for

past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Stanley Austin punitive damages for its malicious or reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

*[signature] with permission for*
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

*[signature] with permission for*
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

*[signature]*
LETICIA DOMINGUEZ
Trial Attorney
Texas State Bar No. 00795741

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

El Paso Area Office

300 E. Main, Suite 500
El Paso, Texas  79901
    Telephone:  (915) 534-6676
    Facsimile:  (915) 534-6701